**UNITED STATES of America**

v.

**Thomas FIET**

**No. 99–2002.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 23, 2002.

Filed July 30, 2002.

Before SLOVITER, NYGAARD, and BARRY, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Thomas Fiet, entered into a plea agreement, in which he pleaded guilty to one count of conspiracy to manufacture and distribute methamphetamine, one count of distributing methamphetamine, and one count of money laundering and aiding and abetting the commission of money laundering. In the agreement, he stipulated to a drug quantity totaling 150 pounds of methamphetamine, which resulted in a base offense level of 38. Because he qualified for the "safety valve" provisions of U.S.S.G. § 5C1.2, the court established his total offense level to be 33, and

---

assigned a criminal history category of I, resulting in a Guideline range of 135 to 168 months. The government moved for a downward departure under § 5K1.1. The District Court granted it, and imposed a sentence of 156 months. Fiet appeals, contending that the sentencing court erred by failing to conduct an individualized, qualitative analysis of the relevant factors under U.S.S.G. § 5K1.1 before imposing the sentence. We will affirm.

The facts leading to Fiet's arrest and plea are not germane to our decision, and we will omit reference to them. Moreover, we need not labor long on the legal issue this appeal presents. The substance of Appellant's argument is simply that under *United States v. Torres,* 251 F.3d 138 (3d Cir.2001), which we decided substantially after his sentencing, the District Court should have conducted a more thorough analysis, explaining its reasons for the sentence it imposed. Fiet contends that the trial court fails to meet the standards which we set in *Torres.* Perhaps it did. But we will not retroactively apply the standards we set in *Torres* to Appellant's sentencing, which took place eighteen months before our decision in that case.

Moreover, the standard of review here is plain error since Appellant did not object at the time of the sentence. The record clearly establishes that before granting the downward departure, the District Court considered Fiet's cooperation and balanced it against the seriousness of his crimes. It also considered his family circumstances which involved caring for a handicapped child. The court acknowledged that Fiet accepted responsibility and stated his remorse for what he had done. The District Court had the government's sentencing memorandum and its motion for downward departure pursuant to § 5K1.1, and made clear to Appellant that it had read the motion and considered the government's argument with respect to the grounds for its motion. Finally, 18 U.S.C. § 3553(c) requires the District Court to give some explanation for its decision. Here the explanation, albeit brief, met the minimum requirements existing at the time of his sentence.

In sum, although the sentencing court did not specifically follow the procedure we established eighteen months later in *Torres,* we nonetheless can easily conclude from this record that no plain error exists. Hence we will affirm.